```
             IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                   *
MICHAEL JANOSKA AND                *
HOLLY JANOSKA,
                                   *
     Plaintiffs,
                                   *
          v.                               CIVIL NO.: WDQ-07-1232
                                   *
D.C. DEVELOPMENT, LLC, ET AL.,
                                   *
     Defendants.
                                   *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Michael and Holly Janoska sued D.C. Development, LLC ("DCD"), Deep Creek Marina, LLC ("Deep Creek"), and Adrian Spiker II for negligence and loss of consortium. Pending is DCD's motion to amend its answer to add a cross-claim against Spiker. For the following reasons, DCD's motion will be granted.

I. Background

Mr. Janoska alleges that he was injured by Spiker's negligent operation of a pickup truck on February 18, 2006. On May 10, 2007, the Janoskas sued Defendants. DCD answered the Janoskas' complaint on June 5, 2007, and Deep Creek and Spiker answered the complaint on June 8, 2007. On July 5, 2007, DCD filed a motion to amend its answer.

## II. Analysis

### A. Standard of Review

Under Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "'[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis added) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Rule 13(g) provides that cross-claims may be asserted against co-parties, which "may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed. R. Civ. P. 13(g). Answers and complaints are pleadings. Fed. R. Civ. P. 7(a).

### B. DCD's Motion to Amend Answer

DCD seeks to amend its answer to add a cross-claim against Striker, a co-defendant in the Janoskas' negligence action. Specifically, DCD seeks to add a cross-claim for implied indemnity against Spiker, should a jury find it and Spiker liable as joint tortfeasors. DCD Mot. to Am. ¶¶ 6-7. DCD filed the motion to amend its answer on July 5, 2007, 29 days after its June 5, 2007 answer. DCD argues that granting its motion to

amend will not prejudice the parties, as discovery had not begun at the time of the motion's filing.  The Janoskas do not contend that they will be prejudiced by DCD's proposed amendment, but instead dispute DCD's characterization of its negligence claims and contend that DCD's motion was filed after discovery began.

The Janoskas correctly observe that the discovery process had commenced at the time of DCD's filing.  A scheduling order was issued on June 11, 2007.  But the Janoskas have not indicated how they would be prejudiced by DCD's amendment.  Although the Janoskas do not agree with DCD's legal theories, their disagreement has no bearing on whether DCD can assert a cross-claim for indemnity against Spiker.  Accordingly, DCD's motion to amend its answer will be granted.

III. Conclusion

For the reasons discussed above, DCD's motion to amend its answer will be granted.


<u>October 10, 2007</u>                              <u>       /s/              </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge